| .MARION F. EDWARDS, Judge.
Plaintiff-appellants Francis J. Carroll and Yvonne M. Carroll appeal a judgment sustaining exceptions of lack of subject matter jurisdiction. ' For the reasons to follow, we reverse and remand the matter for further proceedings.
In 1984, Sabine Towing Corporation began the process of terminating one of its pension plans. It utilized the assets of that plan to purchase individual life annuities, from Prudential Life Insurance Company, for all participants in order to fund their benefits on an individual basis. Francis Carroll was a participant in Sabine’s retirement plan in 1984, and took a disability early retirement effective January 1, 1985. At that time, Carroll elected to designate his wife, Yvonne, as his beneficiary should she survive him. Sabine was acquired by Chromalloy American Corporation, which was in turn acquired by defendant/appellee Sequa Corporation. The Sabine/Chromalloy pension plan was ultimately terminated in October, and Mr. Carroll received his first payment from the Prudential annuity in April 1986. Prudential subsequently asked Mr. Carroll to execute another beneficiary designation, which he did.
lain 1992, Mr. Carroll alleged that he received a letter from Prudential that there might be no survivor annuity. At that time, he began to inquire whether such a survivor spouse benefit existed, and according to his petition, has repeatedly sought to obtain any document wherein he may have elected a single life annuity. He additionally sought written confirmation that Mrs. Carroll was entitled to a monthly benefit after his death. Unable to receive a satisfactory response from the insurers, Mr. Carroll filed, in the Twenty-Fourth Judicial District Court, a Petition For Declaratory Judgment To Clarify Future Rights Under Retirement Plan. The petition prayed that the court declare that Mrs. Carroll is entitled, under the terms of the Plan, to a monthly benefit following the death of her husband. Reasonable *837 attorney fees and costs were also requested.
Prudential filed Exceptions of No Cause of Action and Prescription, as well as a Motion for Summary Judgment. Sequa filed Exceptions of Lack of Subject Matter Jurisdiction and Prescription. Following a hearing, the court maintained the exception of lack of subject matter jurisdiction and dismissed the case. It did not reach the other issues. It is from this judgment that the Carrolls appeal.
The Carrolls contend that subject matter jurisdiction is conferred by 29 U.S.C. § 1132, which reads in pertinent part:
(a) Persons empowered to bring a civil action. A civil action may be brought—
(1) by a participant or beneficiary—
(A) for the relief provided for in subsection (c) of this section, or
(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan ...
[[Image here]]
(e) Jurisdiction.
(1) Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this title brought by the Secretary or by a participant, beneficiary, fiduciary, or any person referred to in section 101(f)(1) [29 USCS § 1021(f)(1)]. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under paragraphs (1)(B) and (7) of subsection (a) of this section.
|4It is the Carrolls’ position that ERISA grants concurrent jurisdiction with the federal courts for their action. Prudential and Sequa aver that the claims arise solely out of another ERISA provision that provides for exclusive federal jurisdiction. Specifically, 29 U.S.C. § 1370 reads in part:
§ 1370. Enforcement authority relating to terminations- of single-employer plans
(a) In general. Any person who is with respect to a single-employer plan a fiduciary, contributing sponsor, member of a contributing sponsor’s controlled group, participant, or beneficiary, and is adversely affected by an act or practice of any party (other than the corporation) in violation of any provision of section 4041, 4042, 4062, 4063, 4064, or 4069 [29 USCS §§ 1341,1342,1362,1363,1364,1369], or who is an employee organization representing such a participant or beneficiary so adversely affected for purposes of collective bargaining with respect to such plan, may bring an action—
(1) to enjoin such act or practice, or
(2) to obtain other appropriate equitable relief (A) to redress such violation or (B) to enforce such provision.
Section (c) grants exclusive jurisdiction of these actions to the federal courts.
Section 1370 involves an action by a participant who is adversely affected by an act in- violation of certain ERISA provisions. • In the petition filed herein, the Carrolls, seek to clarify, via a declaratory judgment, whether or not Mrs. Carroll is entitled to benefits should her husband predecease her. Such finding requires an examination and construction of the policies and/or annuities, together with any applicable waivers or other related documents. As we understand the action, the Carrolls suggest that upon a possible finding that no such spousal benefits exist in favor of Mrs. Carroll, they would be adversely affected. At that time, an action under 29 U.S.C. § 1370 becomes viable. *838 Until that time, the matter appears to be one of contract interpretation.
The present action falls more properly under 29 U.S.C. § 1132(a)(1)(B), and according to that statute, there is concurrent jurisdiction with the state courts. Therefore we find that the trial court erred in granting the exception of lack of 15subject matter jurisdiction. We reverse and remand for further proceedings. Costs are assessed to appellees.
REVERSED AND REMANDED.